**AMERICAN FIDELITY & CASUALTY CO. v. FENTRESS. \***

No. 6767.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1932.

*Rehearing denied January 10, 1933.

Harper Macfarlane, of San Antonio, Tex., for appellant.

G. Woodson Morris, of San Antonio, Tex., for appellee.

Before BRYAN, SIBLEY and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is a compensation insurer under the Workmen's Compensation Laws of Texas (Vernon's Ann. Civ. St. Tex. art. 8306 et seq.). It appeals from a verdict and judgment finding appellee totally and permanently incapacitated and awarding him compensation accordingly. Appellee, asserting that the errors assigned are trivial, and that it appears on the face of the record that the appeal was not taken in good faith but only for delay, moves for affirmance with damages.

Appellant's assignments, directed at arguments to the jury made without challenge or exception, and the action of the court in overruling its motion for a new trial, present nothing which we may review. Its assignment complaining of the latitude allowed on cross-examination is frivolous.

Appellant has, however, properly assigned error on, and brought here for review, the action of the court in refusing to instruct a verdict and to give certain requested special charges. These assignments have been fully briefed and vigorously argued, and, though we find them without merit, we think it plain that we may not find that the appeal was prosecuted for delay.

The general charge was not excepted to;

no complaint is made of it here. It correctly and in a full and fair way submitted the issues to the jury.

It was hardly disputed that plaintiff had received some injury. It was claimed that the injury was trivial, and that his disabilities were noncompensable, not caused by an injury received in the course of his employment, but the result of disease.

Appellant, defendant below, undertook to meet plaintiff's proof of total and permanent injury by showing that his condition was noncompensable, the result of a disease, rheumatoid arthritis, brought on by several foci of infection, and not at all by strain. It claims here that the record permits no other conclusion than that his condition was not the result of strain.

We cannot agree with appellant. Though its evidence did strongly tend that way, there was positive evidence that plaintiff received an injury sufficient to, and that it in all reasonable probability did, produce the state of disease which he claims to suffer from. This evidence, if believed, was more than ample to support the jury's verdict. The peremptory instruction should not have been given.

Appellant's special charges were aimed at presenting to the jury, more definitely and precisely than the general charge had done, the defense which it had sought by its evidence to make, that plaintiff's condition was not the result of a compensable injury, but of uncompensable disease, and to make certain that the jury would not allow plaintiff compensation for a condition not compensable.

■ It may be said generally that the appellant had the right to have its defenses specifically and clearly presented, and that, if the special charges refused, or any of them, did in fact correctly present for the jury's consideration a material defense not submitted in the general charge, it was error to refuse them. An examination of these charges, however, shows not only that the matters covered by them were adequately presented in the main charge, but that, while one or two of them squinted at, none of them presented, a correct statement of the law.

■ Special charge No. 1, purporting in part to advise the jury that plaintiff could not recover, "unless the injury was one occurring unexpectedly, not in the natural course of events, or which may possibly be prevented by the exercise of due care by the employer," was a wholly incorrect statement of the law as applied to this case.

The opinion in Barron v. Texas Employers' Ins. Co. (Tex. Com. App.) 36 S.W.(2d) 464, the case from which it was quoted, had to do with a case of active tuberculosis, resulting from the inhalation of gas fumes while working on an oil well. It was claimed that here was no injury, but an occupational disease and noncompensable. It was proved that, while gas emitted from the producing wells on the lease was of a poisonous nature, only a small amount of it ordinarily came out at a time; that appellant's injury resulted from an unusual condition not an ordinary incident of his occupation. It was held that, since the injury occurred as the result of an untoward escape of gas in unusual quantities which due care might have prevented, its escape could not be said to be an ordinary incident of the occupation, nor the injury caused thereby an occupational disease.

In the case at bar there is no question of occupational disease. The sole question is whether the strain which plaintiff claims to have undergone, or the condition of his teeth or other sources of infection wholly unconnected with the strain, caused the condition from which he was suffering. The charge should have been refused, as should the other special charges requested.

One is overlong, complicated, a partisan summary of the facts and the conclusions to be drawn from them. Though some of the language in some of the other charges is taken from the opinions of the courts, it is, however, language which was used arguendo in relation to the facts of the particular case. None of the requested charges state the law correctly as applied to the facts of this case. Such suggestions in any of them as are correct the court adequately and fairly made use of in its general charge.

The judgment is affirmed, with costs, but without damages.